UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| RENAISSANCE III CONDO ASSOCIATION UNIT OWNERS, INC., and STATE FARM FIRE AND CASUALTY COMPANY, | ) ) ) ) | | |
| Plaintiffs, | ) ) | | |
| v. | ) ) | No.: | 3:09-CV-354 (VARLAN/GUYTON) |
| SIMPLEXGRINNELL, LP, | ) ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant SimplexGrinnell, LP's ("SimplexGrinnell") Motion to Dismiss Intervening Complaint of Plaintiff State Farm Fire and Casualty Company a/s/o Renaissance III Condo Association Unit Owners, Inc. [Doc. 27]. Intervenor Plaintiff State Farm Fire and Casualty Company ("State Farm") has filed a response in opposition to the motion to dismiss [Doc. 30]. SimplexGrinnell has filed a reply to the response [Doc. 32]. State Farm has filed a surreply and supplemental response in opposition to the motion to dismiss [Doc. 34].

The motion to dismiss is now ripe for this Court's consideration.

**I.    Background**

Plaintiff Renaissance III Condo Association Unit Owners, Inc. ("Renaissance") filed the original complaint in this case in the Circuit Court for Knox County, Tennessee on July 15, 2009 [Doc. 1-1]. The case was removed to this Court on August 11, 2009 [Doc. 1]. State

Farm, as the property insurer for Renaissance in this case, filed a motion to intervene on February 9, 2010 [Doc. 18]. The Court granted that motion on March 1, 2010 [Doc. 21]. State Farm filed its intervening complaint on March 5, 2010 [Doc. 22].

In the intervening complaint, State Farm alleges as follows: Renaissance is an association of condominium unit owners who own condominiums located at 1801 Lake Avenue in Knoxville [*Id.*, ¶ 6]. In or about May 2005, SimplexGrinnell submitted a proposal to install a fire protection sprinkler system in the Renaissance III condominium during the construction of that building [*Id.*, ¶ 7]. As part of that proposal, SimplexGrinnell prepared working plans showing the location and measurements of its proposed piping for the sprinkler system [*Id.*, ¶ 8].

During its installation of the sprinkler system, SimplexGrinnell installed approximately forty-eight sprinkler heads (the "additional sprinkler heads") which did not appear on the working plans it had submitted as part of its proposal, and which were not documented by any change order [*Id.*, ¶ 10]. The additional sprinkler heads were installed in the breezeway surrounding the Renaissance III courtyard [*Id.*, ¶ 11]. On the first and second floors of the Renaissance III building, the pipe for each additional sprinkler head was routed directly through the wall of the condominium, and was constructed using a metal or frost-free pipe and sprinkler head [*Id.*, ¶ 12]. On the third floor of the Renaissance III building, the additional sprinkler heads were installed by routing CPVC pipe above the ceiling and over the breezeway, where a pendant head was installed [*Id.*, ¶ 13].

On January 17, 2009, temperatures in Knoxville fell below freezing [*Id.*, ¶ 14]. The water in the CPVC pipe on the third floor of the Renaissance III building froze, burst, and resulted in water damage to the Renaissance III building in excess of $160,000.00 [*Id.*, ¶ 15]. At the time of the leak, Renaissance had an insurance policy with State Farm [*Id.*, ¶ 16]. State Farm paid for the damage caused by this water leak as required by the insurance policy [*Id.*, ¶ 17]. State Farm now contends that it is legally and equitably subrogated to the rights and claims arising out of the water leak to the extent of its $160,136.53 in payments to Renaissance [*Id.*, ¶ 18]. State Farm thus brings an action in negligence against SimplexGrinnell in connection with its design and installation of the sprinkler system at the Renaissance III building [*Id.*, ¶¶ 19-26].

SimplexGrinnell filed a motion to dismiss the intervening complaint on April 9, 2010 [Doc. 27], in which it contends that State Farm is an intended beneficiary of the contract entered into between SimplexGrinnell and Renaissance III, and that State Farm's claims are therefore barred by the waiver of subrogation, risk allocation, and limitation of liability provisions in that agreement. State Farm filed a response in opposition to the motion to dismiss on May 17, 2010 [Doc. 30]. SimplexGrinnell filed a reply to the response on May 21, 2010 [Doc. 32]. State Farm filed a surreply and supplemental response in opposition to the motion to dismiss on May 24, 2010 [Doc. 34].

The Court has carefully considered the parties' filings in light of the applicable law. For the reasons that follow, SimplexGrinnell's motion to dismiss will be denied.

## II. Standard of Review

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard. *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004). Rule 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action will not do. *Id.* Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading must instead "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1937.

## III. Analysis

As noted, State Farm seeks recovery from SimplexGrinnell of $160,136.53 it made in payments to Renaissance pursuant to the insurance policy between State Farm and Renaissance. State Farm, as subrogee, may bring any claim against SimplexGrinnell that

4

Renaissance, as subrogor, can bring against SimplexGrinnell. *In re H&S Transp. Co.*, 939 F.2d 355, 360 (6th Cir. 1991); *see also Marshall v. Employers Health Ins. Co.*, Nos. 96-6063, 96-6112, 1997 WL 809997, at *5 (6th Cir. Dec. 30, 1997) ("[S]ubrogation . . . arises under state law and allows the insurer to stand in the shoes of its insured . . . ."); *Aetna Ins. Co. v. Loveland Gas & Elec. Co.*, 369 F.2d 648, 650 (6th Cir. 1966) (holding same).

SimplexGrinnell argues, however, that the provisions of the contract between SimplexGrinnell and Renaissance bar State Farm's claims in this case. In support of this argument, SimplexGrinnell explains that it entered into a contract with Renaissance to install a fire protection sprinkler system in the Renaissance III building [*see* Doc. 28]. That contract contained several provisions limiting the liability of SimplexGrinnell in connection with the installation and operation of that sprinkler system, including the following:

> It is understood and agreed by [Renaissance] that SimplexGrinnell is not an insurer and that insurance covering personal injury and property damage on [Renaissance's] premises shall be obtained by [Renaissance]; that [Renaissance] agrees to look exclusively to [Renaissance's] insurer to recover for injuries or damage in the event of any loss or injury; that the amounts payable to SimplexGrinnell hereunder are based upon the value of the services and the scope of liability set forth herein; and that SimplexGrinnell is not guaranteeing that no loss will occur.

[Doc. 28-2]. The agreement further provides that:

> SimplexGrinnell shall not be liable for indirect, incidental or consequential damages of any kind, including but not limited to damages arising from the use, loss of the use, performance, or failure of the covered system(s) to perform.

[*Id.*]. The contract also contains a "waiver of subrogation," which provides that:

> [Renaissance] does hereby, for itself and all others claiming for it under this Agreement, release and discharge SimplexGrinnell from and against all hazards covered by [Renaissance's] insurance, it being expressly agreed and understood that

5

no insurance company or insurer will have any right of subrogation against SimplexGrinnell.

[*Id.*]. Relying upon these provisions, SimplexGrinnell contends that State Farm is barred from bringing claims against it in connection with the failure of the sprinkler system at issue in this case.

The Court disagrees. It might be true that these provisions, if applicable, would bar State Farm from bringing claims against SimplexGrinnell for failures of the sprinkler system that Renaissance agreed would be installed under the contract. But the allegations of failure in the intervening complaint are not based upon failures of equipment installed pursuant to that contract. They are instead based upon failures of equipment "not shown on the working plans or documented with a change order" [*see* Doc. 22, ¶ 10]. Any claims Renaissance might have based upon failures of this latter category of equipment–and which, by extension, State Farm might have as subrogee–are thus not limited by the terms of the contract. As a result, there is nothing to prevent State Farm from bringing a negligence claim against SimplexGrinnell for the alleged failure of that equipment, as State Farm has done in this case.[1]

---

[1] The "proposal and contract" at issue in this case contains a "scope of work" attachment [*see* Doc. 28-1]. The scope of work attachment provides that "SimplexGrinnell will prepare working plans showing [the] location and measurements of it's [*sic*] piping"; these plans were to "be furnished to the buyer or other subcontractors for coordination" [*see id.*]. It appears to the Court that the additional sprinkler heads of whose failure State Farm complains are not mentioned in this scope of work attachment. More to the point, the allegations in the intervening complaint, accepted as true, point to such a deficiency in the working plans. The Court thus makes its determination in this case on that basis.

SimplexGrinnell's arguments for dismissal are all premised upon the contractual duties of the parties in this case, and are thus inapposite. Neither the limitation of liability clause nor the waiver of subrogation clause in the contract can operate to bar the negligence claim State Farm has brought against SimplexGrinnell. Nor does plaintiff's "negligence claim seek[] to transform a purely contractual duty into a tort duty" [*see* Doc. 28]. For the reasons just given, the negligence claim relates to the installation of extra-contractual sprinkler heads, and is therefore not defeated by the terms of the contract in this case. Nor is State Farm a "third-party beneficiary" of the contract at issue for the purposes of this lawsuit. Contrary to SimplexGrinnell's argument, State Farm is not "choos[ing] to assert claims under the contract" [*see* Doc. 28]. As a consequence, State Farm is not bound to "accept both the benefits and burdens of that contract," including the limitations on liability and waiver of subrogation provisions it contains [*see id.*].

Accepting the allegations in the intervening complaint as true, the Court finds that State Farm has stated a claim upon which relief can be granted. Dismissal of the case at this stage would therefore be inappropriate. SimplexGrinnell's motion to dismiss the intervening complaint will be denied.

## IV. Conclusion

For the reasons above, SimplexGrinnell's Motion to Dismiss Intervening Complaint of Plaintiff State Farm Fire and Casualty Company a/s/o Renaissance III Condo Association Unit Owners, Inc. [Doc. 27] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE